1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTAIN CROWDER,<br><br>              Plaintiff,<br><br>       v.<br><br>A. CASTILLO, et al.,<br><br>              Defendants. | CASE No. 1:16-cv-00851-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS (1) FOR SERVICE OF COGNIZABLE EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS CASTILLO, GONZALEZ, IBARRA, AND DIAZ; AND (2) TO DISMISS ALL OTHER CLAIMS AND DEFENDANTS**<br><br>**(ECF No. 12)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Her complaint is before the Court for screening.

        The Court screened Plaintiff's complaint and found that it stated a cognizable Eighth Amendment claim against Defendant Castillo but no other claims. (ECF No. 9.) Plaintiff was given the option to file an amended complaint or notify the Court of his

1   willingness to proceed only on the cognizable claim. Plaintiff filed a first amended

2   complaint (ECF No. 12).  It is now  before the Court for screening.[1]

3   **I.      Screening Requirement**

4           The Court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

6   § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

7   raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

8   relief may be granted, or that seek monetary relief from a defendant who is immune from

9   such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

10  thereof, that may have been paid, the court shall dismiss the case at any time if the court

11  determines that . . . the action or appeal . . . fails to state a claim upon which relief may

12  be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

13  **II.     Pleading Standard**

14          Section 1983 "provides a cause of action for the deprivation of any rights,

15  privileges, or immunities secured by the Constitution and laws of the United States."

16  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

17  Section 1983 is not itself a source of substantive rights, but merely provides a method for

18  vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

19  (1989).

20          To state a claim under § 1983, a plaintiff must allege two essential elements:

21  (1) that a right secured by the Constitution or laws of the United States was violated and

22  (2) that the alleged violation was committed by a person acting under the color of state

23  law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

24  1243, 1245 (9th Cir. 1987).

25          A complaint must contain "a short and plain statement of the claim showing that

26

27  ───────────────
    [1] Prior to filing her amended complaint, Plaintiff filed a document titled "Statement of Facts Modification."
    (ECF No. 10.) To the extent this was intended as an amendment, it was superseded by the first amended
28  complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). It has not been considered in this screening.

1  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

2  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

3  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

4  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

5  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

6  that is plausible on its face." Id. Facial plausibility demands more than the mere

7  possibility that a defendant committed misconduct and, while factual allegations are

8  accepted as true, legal conclusions are not. Id. at 677-78.

9  **III.    Plaintiff's Allegations**

10     Plaintiff is incarcerated at the California Medical Facility, but complains of acts

11  that occurred at North Kern State Prison ("NKSP"). She names the following defendants:

12  (1) Correctional Officer ("CO") A. Castillo (2) Sergeant E. Gonzalez, (3) Lieutenant C.

13  Davis, (4) CO P. Ibarra, and (5) CO Diaz.

14     Plaintiff's allegations may be summarized essentially as follows:

15     Plaintiff is transgender person.[2]

16     On May 15, 2015, Plaintiff was moved from Facility D, Building 4 at NKSP to

17  Building 5. Plaintiff was escorted by Defendants Castillo, Gonzalez, Ibarra and Diaz.

18  During the escort, Plaintiff told these Defendants that she had prior safety concerns in

19  Building 5 due to her "open transgendered lifestyle." Plaintiff's concerns were ignored.

20  She was told to enter the cell in Building 5 or to attack an officer so she could be placed

21  in Administrative Segregation.

22     Plaintiff placed her hands behind her back. Castillo stepped to Plaintiff's right side,

23  and Plaintiff began to cry. Defendants Castillo, Gonzalez, Ibarra, and Diaz laughed at

24  Plaintiff.

25

26

27  [2] Plaintiff does not state the gender he or she identifies with or a preferred pronoun to be identified with. Based on Plaintiff's incarceration in a men's prison, the Court assumes that Plaintiff is a transgender

28  woman, i.e., a person whose female gender identity is different from the male gender assigned to her at birth, and the Court therefore uses female pronouns here.

Castillo grabbed both of Plaintiff's hands from behind and grabbed the top of Plaintiff's shirt and slammed her backward into the cell. Plaintiff hit her head on the concrete floor. Her arms scraped the walls leaving scars. She landed with half of her body inside the cell and half outside. Castillo kicked Plaintiff's legs to get them into the cell and slammed the door closed. Defendants Gonzalez, Ibarra, and Diaz stood by laughing during the encounter. Defendants did not check to see whether Plaintiff required medical care.

At some point thereafter, Plaintiff had a seizure that she attributes to her head injury. Plaintiff did not receive medical treatment until May 18, 2015, and only then as a result of a 602 administrative grievance.

Plaintiff claims that Defendants' conducted violated her Eighth Amendment right to be free from cruel and unusual punishment and her Eighth Amendment right to adequate medical care. She seeks money damages.

IV.     **Analysis**

A.     **Eighth Amendment**

1.     **Inadequate Medical Care**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [her] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or

4

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); accord Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

Deliberate indifference, which is the subjective element of an Eighth Amendment claim, is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122.

Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Finally, "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances

and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." <u>Snow</u>, 681 F.3d at 988 (citing <u>Jackson</u>, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's allegation that she suffered a seizure is sufficient to show a serious medical need. <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); <u>McGuckin</u>, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, Plaintiff has not alleged sufficient facts to suggest that any Defendants were deliberately indifferent to that need. Significantly, in the administrative grievance attached to Plaintiff's complaint, she states that the seizure occurred later in the evening, after the incident with Castillo. Plaintiff previously was advised that it did not appear from the complaint that any of the Defendants were present when Plaintiff suffered a seizure or otherwise were aware of her serious medical need. Her first amended complaint does not contain any facts to suggest otherwise.

Plaintiff complains that Defendants did not assess her medical needs after the use of force. However, there are no facts to suggest that and Defendants were aware that she required medical attention or had suffered a head injury. Thus, the facts do not suggest that Defendants were consciously indifferent to Plaintiff's medical serious needs.

Plaintiff previously was advised of the legal standards applicable to her claims. She nonetheless has failed to remedy pleading defects. Further leave to amend this claim appears futile and should be denied.

### 2.    Failure to Protect

Prison officials have a duty to take reasonable steps to protect inmates from

physical abuse. <u>Farmer</u>, 511 U.S. at 832-33 (1994) (quotations omitted). To establish a violation of this duty, the prisoner must show first, that he was incarcerated under conditions posing a substantial risk of serious harm; and second, that a prison official knew of and was deliberately indifferent to this risk. <u>Id.</u> at 834. Plaintiff here accuses CL Marsh of watching the August 10, 2013 assault on Plaintiff, having the power to stop it, and not doing anything to intervene. Plaintiff has thus asserted a viable claim against this Defendant.

To the extent Plaintiff wishes to allege that Defendants failed to protect her from a risk of harm arising out of her "open transgendered lifestyle," she fails to state a claim. She once again fails to identify any specific risk of harm relating to her transfer to Building 5. An administrative grievance attached to Plaintiff's complaint is equally non-specific and does not aid Plaintiff's claim. The Court is without information as to who posed a threat to Plaintiff's safety or what the particular threat involved. Plaintiff's conclusory allegations of a threat are insufficient to state a claim. Likewise, her vague statements to Defendants that she felt unsafe were insufficient to put them on notice of a substantial risk of serious harm. Plaintiff previously was advised on these defects but has failed to cure them. Further leave to amend appears futile and should be denied.

However, Plaintiff has stated a cognizable failure to protect claim against Defendants Gonzalez, Ibarra, and Diaz for failing to protect her from the attack by Defendant Castillo. Plaintiff alleges that these Defendants stood by laughing during the attack and failed to intervene despite having the opportunity to do so. These allegations are sufficient to state a claim.

### 3.   Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." <u>Farmer</u>, 511 U.S. at 832 (citing <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was

applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

When determining whether the force was excessive, the court looks to the "extent of the injury suffered by an inmate . . . , the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9 (citing Whitley, 475 U.S. at 327).

The extent of injury suffered by the plaintiff may indicate the amount of force applied. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Id. (quoting Hudson, 503 U.S. at 9).

> The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."

Wilkins, 559 U.S. at 37-38 (internal citations and some internal quotation marks omitted).

Plaintiff claims that Defendant Castillo grabbed her hands and the top of her shirt and slammed her backwards into the cell. Plaintiff's head hit the concrete floor and Plaintiff also received scrapes on her arms. Castillo kicked the rest of Plaintiff's body into the cell. While some of this force arguably was applied in a good faith effort to restore institutional order (i.e., to force Plaintiff into the cell despite Plaintiff's refusal), Plaintiff

8

1   has alleged sufficient facts to suggest that the force used may have exceeded that which

2   was necessary under the circumstances.

3       Accordingly, Plaintiff has alleged a cognizable Eighth Amendment excessive force

4   claim against Defendant Castillo.

5       **B.    Linkage**

6       Under § 1983, Plaintiff must demonstrate that each named defendant personally

7   participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons

8   v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton,

9   588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

10  2002). Liability may not be imposed on supervisory personnel under the theory of

11  respondeat superior, as each defendant is only liable for his or her own misconduct.

12  Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable

13  if they "participated in or directed the violations, or knew of the violations and failed to act

14  to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v.

15  Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570

16  (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th

17  Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

18      Plaintiff's complaint contains no allegations against Defendant Davis. Plaintiff fails

19  to link Defendant Davis to a constitutional violation. Plaintiff's original complaint

20  contained allegations against Defendant Davis that did not support a constitutional claim.

21  Claims against Defendant Davis should be dismissed without leave to amend.

22  **V.    Conclusion and Recommendation**

23      Plaintiff's first amended complaint alleges a cognizable Eighth Amendment

24  excessive force claim against Defendant Castillo and a cognizable Eighth Amendment

25  failure to protect claim against Defendants Gonzalez, Ibarra, and Diaz. Her remaining

26  allegations do not state a cognizable claim. Further leave to amend appears futile and

27  should be denied.

28      Accordingly, it is HEREBY RECOMMENDED that:

1.   Plaintiff proceed on her Eighth Amendment excessive force claim against Defendant Castillo and her Eighth Amendment failure to protect claim against Defendants Gonzalez, Ibarra, and Diaz;

2.   All other claims asserted in the first amended complaint and all other defendants be DISMISSED with prejudice, and

3.   Service be initiated on Defendants Castillo, Gonzalez, Ibarra, and Diaz.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 7, 2016                    /s/ Michael J. Seng
                                             UNITED STATES MAGISTRATE JUDGE