UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTAIN CROWDER,<br><br>Plaintiff,<br><br>v.<br><br>A. CASTILLO, et al.<br><br>Defendants. | CASE NO. 1:16-cv-00851-DAD-MJS (PC)<br><br>**ORDER TEMPORARILY LIMITING DISCOVERY TO ISSUE OF EXHAUSTION**<br><br>**(ECF Nos. 31, 32)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter proceeds on Plaintiff's Eighth Amendment claims against Defendants Castillo, Gonzalez, Ibarra, and Diaz. (ECF No. 15.) All Defendants have answered Plaintiff's complaint.(ECF No. 23.)

On July 10, 2017, Defendants filed a motion for summary judgment on the ground that Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (ECF No. 31.). Plaintiff has not yet responded to Defendants' motion.

Defendants also filed a motion to limit discovery pending resolution of the exhaustion motion so as to avoid undue burden or expense. (ECF No. 32.) Plaintiff did not respond to Defendants' motion to stay.

| | |
|---|---|
| 1 | A district court has "wide discretion in controlling discovery," <u>Little v. City of Seattle</u>, 863 F.3d 681, 685 (9th Cir. 1988), and "broad discretion to stay proceedings as an incident to its power to control its own docket." <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997) (citing <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936)). Under Federal Rule of Civil Procedure 26(c)(1), a court may, for good cause, issue an order staying or limiting discovery to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c)(1); <u>see also</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992) (holding that a court may modify its scheduling order upon a finding of good cause). |

A district court has "wide discretion in controlling discovery," <u>Little v. City of Seattle</u>, 863 F.3d 681, 685 (9th Cir. 1988), and "broad discretion to stay proceedings as an incident to its power to control its own docket." <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997) (citing <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936)). Under Federal Rule of Civil Procedure 26(c)(1), a court may, for good cause, issue an order staying or limiting discovery to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c)(1); <u>see also</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992) (holding that a court may modify its scheduling order upon a finding of good cause).

It is most reasonable, efficient and economical for all parties, and prejudicial to none, to limit discovery in this case to the issue of exhaustion until after the Court rules on the exhaustion issue raised by Defendants' summary judgment motion.

Accordingly, it is HEREBY ORDERED that Defendants' motion (ECF No. 32) be GRANTED. Discovery in this case is limited to the issue of exhaustion until thirty (30) days after the District Judge assigned to the case decides Defendants' pending exhaustion motion.

IT IS SO ORDERED.

Dated: September 10, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE